**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ROBERT E. LEONARD, | :: | HABEAS CORPUS |
| Petitioner, | :: | 28 U.S.C. § 2254 |
| | :: | |
| v. | :: | |
| | :: | |
| WARDEN EDWARD PHILBIN, JR., | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:15-CV-2491-WSD-RGV |

## FINAL REPORT AND RECOMMENDATION

Petitioner Robert E. Leonard, an inmate at the Autry State Prison in Pelham, Georgia, has filed this 28 U.S.C. § 2254 petition to challenge his April 28, 2009, convictions in the Superior Court of Newton County.  The matter is now before the Court on the petition, [Doc. 1], and respondent's answer-response, [Doc. 9].  For the reasons stated below, it is **RECOMMENDED** that the petition be **DENIED**.

## I.  PROCEDURAL HISTORY

After a Newton County jury convicted petitioner of aggravated assault and possession of a firearm during the commission of a felony, [Doc. 10-5 at 97], the trial court imposed a total sentence of fifteen years of imprisonment followed by five years on probation, [Doc. 10-4 at 73-74].  Attorney Jennifer Arndt represented petitioner at trial.  [Doc. 10-6 at 2].

Still represented by Arndt, petitioner filed a direct appeal, arguing only that the evidence was insufficient to support his convictions.  [Doc. 10-8 at 84-99].  On September 30, 2010, the Georgia Court of Appeals affirmed, finding the following evidence, which it viewed "in the light most favorable to the jury's verdict," sufficient to authorize the jury to find petitioner guilty beyond a reasonable doubt:

> . . . [O]n or about March 3, 2007, [petitioner] shared a home in Covington, Georgia, with the victim, Ivan Whitaker; Whitaker's minor son; and [petitioner's] minor daughter.  Although at the time, [petitioner] and Whitaker were no longer romantically involved, they shared a bedroom.  [Petitioner] was not home on the evening of March 3, although Whitaker spoke with him several times over the phone.  During those conversations, they argued over a vehicle registration and/or a cell phone account.  At around 10:30 p.m., Whitaker sent the two children to bed. A short time later, Jason, a friend of Whitaker's, came to the house and stayed for approximately 15 minutes.  Whitaker went upstairs to bed shortly thereafter.
>
> [Petitioner], who had been out of town for several days, returned home in the early morning hours of March 4, 2007.  Roused by the noise of the garage door opening below him, Whitaker saw [petitioner] walk down the hallway and enter the bedroom.  [Petitioner] went to the closet for "a couple of seconds," and walked back out the bedroom door. Whitaker turned over to go back to sleep, but the next thing he heard was a popping sound.  He saw flashes of light and began to taste something like firecrackers in his mouth.  Whitaker grabbed a pillow and tried to knock the weapon firing at him in a different direction.  He was able to wrap the pillow around the gun.  [n. 1].  During the struggle, Whitaker came face to face with his assailant and saw that it was [petitioner]. When Whitaker asked [petitioner] why he was shooting him, [petitioner] ran out of the bedroom.  Whitaker immediately called 911, and he told

2

police that he was positive that it was [petitioner] who had shot him. Whitaker also testified at trial that [petitioner] was his assailant and explained that he had been shot twice that evening, once in the chin and once in the right side of his head.

[Petitioner] testified that he came home that night and entered the bedroom. After he left the bedroom and returned downstairs, he said he heard sounds of scuffling coming from the master bedroom. As he started to go back up the stairs, he heard someone say, "why are you doing this?" and then he heard shots. [Petitioner] said that he panicked and left the house. After [petitioner] was apprehended by police, he denied that he had shot Whitaker. The gun was never found.

The defense also presented evidence from [petitioner's] friend, Albert Douglas, a local minister. He testified that Whitaker contacted him after [petitioner] was arrested to attempt to raise bond for his release. According to Douglas, Whitaker stated during that conversation that someone other than [petitioner] had shot him, but he did not identify the shooter.

[Doc. 10-11]. The Georgia Court of Appeals added in a footnote: "Police investigating the shooting later discovered a pillow with a powder burn from a firearm being fired into it and discovered a bullet inside a pillow." [Id. at 3 n.1].

On August 2, 2011, petitioner filed a pro se state habeas corpus petition in the Superior Court of Chattooga County. [Doc. 10-1]. Petitioner raised the following claims in his state habeas petition, as amended: (1) he received ineffective assistance of counsel at trial and on appeal because Ardnt (a) had evidence in her possession revealing that petitioner was not the shooter, (b) failed to file pretrial motions to

3

suppress or challenge the indictment based on the fact that petitioner was not a convicted felon, (c) failed to interview any witnesses, (d) made no use of conflicting testimony on appeal, (e) raised only one ground on appeal without citing any case law to support that ground, (f) submitted no mitigating information to the court during sentencing, (g) failed to object to the trial court's refusal to answer the jury's question, (h) failed to provide mitigation evidence from petitioner's family at sentencing, (i) failed to ensure that petitioner was produced for the hearing on his motion for a new trial, (j) failed to provide petitioner a copy of his trial transcript before filing the appellate brief, (k) failed to notify petitioner of the result of his appeal in a timely manner, and (l) failed to subpoena the victim's medical records to show that he was legally blind; (2) the Georgia Court of Appeals affirmed his "illegal charge" of possession of a firearm by a convicted felon, even though he was not a convicted felon; and (3) the judgment of conviction is void because "the counts in the indictment are legally false," in that "[i]t was never proven that [he] possessed a gun to commit the crime." [Doc. 10-1 at 5; Doc. 10-2; Doc. 10-4 at 18-23]. Following transfer to the Superior Court of Mitchell County, [Doc. 10-3], and a May 30, 2013, evidentiary hearing, [Doc. 10-4 at 1-53], the state habeas court entered a written order denying the petition on December 29, 2014, [Doc. 10-9]. The Georgia Supreme Court denied

petitioner a certificate of probable cause to appeal the denial of habeas corpus relief on May 26, 2015.  [Doc. 10-10].

Petitioner timely filed this § 2254 petition, arguing that:  (1) he received ineffective assistance of counsel when Ardnt failed to (a) file pretrial motions even though there were many grounds to do so, (b) subpoena the victim's medical records because the victim was legally blind and the state's only witness and because the victim's account was not supported by the evidence, (c) request a mental evaluation of petitioner, (d) request blood splatter results, (e) challenge the indictment, and (f) file a motion requesting blood test results on eight items taken from petitioner to show that he was not the shooter; (2) the Georgia Court of Appeals "affirmed an illegal count of poss[ession] of a firearm by a convicted felon," which count was removed from the indictment; (3) the judgment of conviction is void because "[t]he indictment was obtained in violation of the 5th Amendment; the Due Process Clause, and the Grand Jury Clause," and the "14th Amendment was violated"; and (4) the prosecution failed to disclose evidence favorable to petitioner.  [Doc. 1 at 5-7].  Respondent argues that the state habeas court's rejection of grounds (1)(a), (1)(b), and (1)(e) is entitled to deference, that ground (2) fails to allege a violation of a federal constitutional right and

5

otherwise lacks merit, and that grounds (1)(c), (1)(d), (1)(f), (3), and (4) are procedurally defaulted. [Doc. 9-1 at 3-12].

## II. DISCUSSION

### A.   28 U.S.C. § 2254 Standards

Under 28 U.S.C. § 2254, a federal court may issue a writ of habeas corpus on behalf of a person being held in custody pursuant to a judgment of a state court if that person is held in violation of his rights under federal law. 28 U.S.C. § 2254(a). In general, a state prisoner who seeks federal habeas corpus relief may not obtain that relief unless he first exhausts his available remedies in state court or shows that a state remedial process is unavailable or ineffective. Id. § 2254(b)(1). A federal court may not grant habeas corpus relief for claims previously adjudicated on the merits by a state court unless the state court adjudication resulted in a decision that (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d); Van Poyck v. Fla. Dep't of Corrs., 290 F.3d 1318, 1322 n.4 (11th Cir. 2002) (per curiam) ("[I]n the context of a habeas review of a state court's decision–only Supreme Court precedent can clearly establish the law.").

6

When applying § 2254(d), the federal court evaluating a habeas petition must first determine the applicable "'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams v. Taylor, 529 U.S. 362, 404-05 (2000) (quoting 28 U.S.C. § 2254(d)(1)). Next, the federal habeas court must ascertain whether the state court decision is "contrary to" that clearly established federal law by determining if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law, or whether the state court reached a result different from the Supreme Court on a set of materially indistinguishable facts. Id. at 412-13. In other words, a state court decision is "contrary to" clearly established federal law only when it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Id. at 405; see also Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam) (holding that a state court decision is not contrary to federal law simply because it does not cite Supreme Court authority; the relevant inquiry is whether the reasoning or the result of the state decision contradicts that authority).

If the federal habeas court determines that the state court decision is not contrary to clearly established federal law, it must then determine whether the state court decision was an "unreasonable application" of clearly established federal law by determining whether the state court identified the correct governing legal principle

7

from the Supreme Court's decisions but unreasonably applied that principle to the facts of the petitioner's case.  Williams, 529 U.S. at 413.  "For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'"  Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Williams, 529 U.S. at 410) (emphasis in original).  "Under § 2254(d)(1)'s 'unreasonable application' clause, . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly [but r]ather, that application must also be unreasonable."  Williams, 529 U.S. at 411.  Thus,

> [a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Harrington, 562 U.S. at 103; see also Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) ("Where [in a federal habeas corpus petition] the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but [also] objectively unreasonable.").  Additionally, the state court's determinations of factual issues are presumed correct.  28 U.S.C. § 2254(e)(1).  A petitioner can

8

overcome this presumption only by presenting "clear and convincing evidence" that the state court's findings of fact were erroneous.  Id.

The undersigned has reviewed the pleadings and exhibits and finds that the record contains sufficient facts upon which the issues may be resolved.  As petitioner has not made the showing required by 28 U.S.C. § 2254(e)(2) to entitle him to an evidentiary hearing, the undersigned finds that no federal evidentiary hearing is warranted, and the case is now ready for disposition.

**B.  Grounds (1)(c), (1)(d), (1)(f), (3), and (4): Procedural Default**

"Pursuant to the doctrine of procedural default, a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution[al] claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court . . . ."  Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994).  Thus, a claim not previously raised in state court is procedurally defaulted when it is clear that a state court would now find that it is "barred by [state] law" from considering the merits of the claim.  Castille v. Peoples, 489 U.S. 346, 351 (1989).

A petitioner can overcome a procedural default by showing "cause" for the default and resulting "prejudice" or that "a fundamental miscarriage of justice" will

9

occur if the claim is not addressed.  Mincey v. Head, 206 F.3d 1106, 1135 (11th Cir. 2000); see also Agan v. Vaughn, 119 F.3d 1538, 1548 (11th Cir. 1997) ("A state court's determination that a claim is barred from review in state court because of the petitioner's failure to comply with state law procedures for presenting the claim precludes federal habeas review of that claim, unless the petitioner can show both cause for the default and prejudice arising therefrom or that the failure to review the claim would result in miscarriage of justice." (internal quotation marks and citation omitted)).   An ineffective-assistance-of-counsel claim, if both exhausted and not procedurally defaulted, may constitute cause.  Hill v. Jones, 81 F.3d 1015, 1029-31 (11th Cir. 1996); see also Murray v. Carrier, 477 U.S. 478, 489 (1986) ("[A] claim of ineffective assistance [must] be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.").  If a petitioner has not shown cause to excuse the procedural default, a federal court need not consider whether he can demonstrate actual prejudice from the alleged constitutional violation. McCleskey v. Zant, 499 U.S. 467, 502 (1991).

Petitioner did not present to the state courts ground (1)(c), in which he alleges that Arndt failed to request a mental evaluation of petitioner; ground (1)(d), in which he alleges that Arndt failed to request blood splatter results; ground (1)(f), in which he

10

alleges that Arndt failed to file a motion requesting blood test results on eight items taken from petitioner; ground (3), in which he alleges that the judgment of conviction violates the Fifth and Fourteenth Amendments; and ground (4), in which he alleges that the prosecution failed to disclose evidence favorable to petitioner.  Georgia's rule against successive habeas petitions prohibits a Georgia court from considering claims in a second state habeas corpus petition that could have been raised in the first habeas petition.  See O.C.G.A. § 9-14-51.  Because this rule prevents a Georgia habeas corpus court from considering grounds (1)(c), (1)(d), (1)(f), (3), and (4), they are procedurally defaulted.  See Ogle v. Johnson, 488 F.3d 1364, 1370-71 (11th Cir. 2007) (A claim that "could not be raised in a successive state habeas petition . . . is procedurally defaulted."); Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998) (concluding "that a state habeas court would hold [petitioner's] claims to be procedurally defaulted and not decide them on the merits, because they were not presented in his initial state habeas petition" and "that those claims [therefore] are procedurally barred from review in this federal habeas proceeding and exhausted.").

For the reasons stated hereinafter in section II.D., petitioner's exhausted ineffective assistance claims lack merit and, thus, cannot excuse the procedural default.  See Murray, 477 U.S. at 489; United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir.

11

2000) (only a meritorious ineffective assistance claim "may satisfy the cause exception to a procedural bar").  Petitioner also has not alleged any other cause and resulting prejudice or a fundamental miscarriage of justice to excuse the procedural default. Accordingly, petitioner is not entitled to federal habeas relief with respect to grounds (1)(c), (1)(d), (1)(f), (3), and (4).

**C.**      **Ground (2): Georgia Court of Appeals' Typographical Error**

In ground two, petitioner asserts that the Georgia Court of Appeals "affirmed an illegal count of poss[ession] of a firearm by a convicted felon," which count was removed from the indictment.  [Doc. 1 at 5].  This ground does not allege a violation of a federal constitutional right.  A state prisoner may file a § 2254 petition "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Accordingly, ground two is not cognizable on federal habeas review.  Moreover, the Court agrees with the state habeas court's finding that this typographical error, see [Doc. 10-11 at 1], does not entitle petitioner to relief, as

> the record is clear that Petitioner was tried, convicted and sentence[d] only on two counts: aggravated assault, and possession of a firearm during the commission of a felony.  [Doc. 10-4 at 73-74, 83-85; Doc. 10-5 at 62-64].  The prosecutor did not go forward on count three, which had charged Petitioner with possession of a firearm by a convicted felon, and

12

this count was nolle prossed prior to trial.  [Doc. 10-5 at 87; Doc. 10-8 at
40].  The jury's verdict and the sentence of the court are the highest and
best evidence of what constitutes the judgment of conviction.

[Doc. 10-9 at 10].  Accordingly, petitioner is not entitled to relief on ground two.

**D.** **Grounds (1)(a), (1)(b), and (1)(e): Assistance of Counsel**

In grounds (1)(a), (1)(b), and (1)(e), petitioner faults Arndt for failing to file
pretrial motions when there were many grounds to do so,[1] failing to subpoena the
victim's medical records to show that the victim was legally blind, and failing to
challenge the indictment on the ground that it contained an "illegal count."  [Doc. 1 at
5-6].  Petitioner presented these claims to the state habeas court.  [Doc. 10-2 at 1; Doc.
10-4 at 18-19, 22-23].

**1.** **Clearly Established Federal Law**

In this Court's review of the state habeas court's denial of petitioner's
ineffective assistance of counsel claims, "the relevant clearly established law [for
purposes of 28 U.S.C. § 2254(d)] derives from Strickland v. Washington, 466 U.S. 668
(1984), which provides the standard for inadequate assistance of counsel under the

---

[1] Petitioner does not specify any of the "many grounds" in his present petition,
see [Doc. 1], but the claim he presented to the state habeas court is that Arndt failed
to file pretrial motions to suppress or challenge the indictment based on the fact that
petitioner was not a convicted felon.  See [Doc. 10-1 at 5; Doc. 10-2; Doc. 10-4 at 18-
23].  Thus, the Court will address this properly exhausted claim.

13

Sixth Amendment." <u>Premo v. Moore</u>, 562 U.S. 115, 118 (2011).   "The pivotal question" before this Court "is whether the state court's application of the <u>Strickland</u> standard was unreasonable." <u>Harrington</u>, 562 U.S. at 101.   "This is different from asking whether defense counsel's performance fell below <u>Strickland's</u> standard." <u>Id.</u>

The <u>Strickland</u> analysis is two-pronged.  However, a court need not address both prongs "if the defendant makes an insufficient showing on one." <u>Strickland</u>, 466 U.S. at 697.  First, a convicted defendant asserting a claim of ineffective assistance of counsel must show that "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." <u>Id.</u> at 690.  A court analyzing <u>Strickland</u>'s first prong must be "highly deferential" and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Id.</u> at 689; <u>Atkins v. Singletary</u>, 965 F.2d 952, 958 (11th Cir. 1992) ("We also should always presume strongly that counsel's performance was reasonable and adequate."); <u>see also</u> <u>Harrington</u>, 562 U.S. at 105 ("'Surmounting <u>Strickland's</u> high bar is never an easy task.'" (quoting <u>Padilla v. Kentucky</u>, 559 U.S. 356, 371 (2010))).

In order to meet the second prong of <u>Strickland</u>, a petitioner must demonstrate that counsel's unreasonable acts or omissions prejudiced him.  "An error by counsel,

14

even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." <u>Strickland</u>, 466 U.S. at 691.  In order to demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u>

When this deferential <u>Strickland</u> standard is "combined with the extra layer of deference that § 2254 provides, the result is double deference and the question becomes whether 'there is any reasonable argument that counsel satisfied <u>Strickland's</u> deferential standard.'" <u>Johnson v. Sec'y, DOC</u>, 643 F.3d 907, 910-11 (11th Cir. 2011) (quoting <u>Harrington</u>, 562 U.S. at 105).  "Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding." <u>Id.</u> at 911.

### 2.   <u>Analysis</u>

The state habeas court made the following pertinent findings of fact with respect to petitioner's claims that Arndt provided him ineffective assistance:

15

Petitioner was indicted for a count of possession of a firearm by a convicted felon; when counsel learned that Petitioner received first offender treatment for his earlier charge of armed robbery, she brought the issue to the attention of the district attorney. [Id. at 32-33]. The district attorney stated he would not go forward with that charge and prepared a mock indictment without that charge. [Id. at 33, 62]. Petitioner's trial proceeded on the mock indictment, so that the charge of possession of a firearm by a convicted felon was not seen by the jury. [Id. at 34-35, 56-61].

. . .

At trial, the victim identified Petitioner as the shooter, testifying he was "wearing a gray suit, black shoes, and . . . a blue and grayish tie." [Doc. 10-6 at 77]. Counsel questioned the victim as to the nature of his visual impairment and the victim's testimony revealed that one of his eyes was impaired. [Id. at 83]. Counsel was planning on calling a witness named Albert Douglas to testify that at some point, the victim had identified another person as the shooter. [Doc. 10-4 at 28]. Counsel chose not to introduce the medical records of the victim's visual impairment because she did not want to suggest to the jury that the victim could not identify the shooter at all. [Id. at 29].

At trial, counsel elicited testimony from Mr. Douglas that the victim had asked Douglas for bail money for Petitioner, and that the victim had told Douglas that Petitioner was not the shooter. [Doc. 10-7 at 17-18]. . . .

[Doc. 10-9 at 3-5]. These factual findings are supported by the record as indicated.

After correctly setting forth the Strickland standard, the state habeas court

concluded that petitioner had "failed to show that counsel's performance was deficient,

much less establish prejudice from the alleged errors or omissions of counsel." [Id. at

16

6-7].  Specifically, as to petitioner's claims, grounds (1)(a) and (1)(e) herein, that Arndt failed to file pretrial motions or challenge the indictment, the state habeas court found as follows:

> Counsel saw no need to file a pretrial motion to suppress or challenge the charge of possession of a firearm by a convicted felon as counsel was able to persuade the prosecutor not to go forward on that charge. Counsel presented evidence to the district attorney that Petitioner was given first offender treatment on his previous case so that he was not a "convicted felon" and the district attorney declined to prosecute Petitioner on the charge.  Moreover, a dummy indictment was used at trial to prevent the jury from seeing that charge, which had been returned as count 3 of the indictment.

[Id. at 8].  With regard to petitioner's claim that Arndt should have subpoenaed the victim's medical records to show that he was legally blind, asserted as ground (1)(b) in the present petition, the state habeas court found that Arndt had "attempted to discredit the victim's identification with testimony about his visual impairment, to the extent that she believed was appropriate given the testimony that she intended to present through Mr. Douglas for the defense."  [Id.].

Petitioner has not met his burden to show that the state habeas court's decision was based on an unreasonable determination of the facts or that it was contrary to, or involved an unreasonable application of, Strickland.  Argo v. Sec'y, Dep't of Corr., 465 F. App'x 871, 874-75 (11th Cir. 2012) (per curiam) ("We presume the state

17

court's determination of the facts is correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence." (citing 28 U.S.C. § 2254(e)(1)); Pair v. Cummins, 373 F. App'x 979, 981 (11th Cir. 2010) (per curiam) ("[T]he habeas petitioner bears the burden 'to show that the state court applied [the applicable clearly established federal law] to the facts of the case in an objectively unreasonable manner.'").  The Court agrees that Arndt's decision not to file pretrial motions or otherwise challenge the indictment was reasonable and did not result in any prejudice to petitioner, given that she had obtained the prosecutor's agreement not to proceed on the possession of a firearm by a convicted felon count.  The Court also agrees that Arndt's choice not to present the victim's medical records concerning his eyesight was reasonable and did not prejudice petitioner, as counsel elicited testimony from the victim concerning his disability and did not want to suggest to the jury that the victim was not capable of identifying the shooter when counsel intended to introduce evidence that the victim had previously stated that someone else was the shooter.  See Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007) ("Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" (citation omitted)).

18

For all of these reasons, the state habeas court's rejection of grounds (1)(a), (1)(b), and (1)(e) is correct and entitled to deference pursuant to § 2254(d).  See Harrington, 562 U.S. at 101; Williams, 529 U.S. at 404-05, 412-13; Johnson, 643 F.3d at 911.

### III.  CERTIFICATE OF APPEALABILITY

Under Rule 22(b)(1) of the Federal Rules of Appellate Procedure, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a

19

certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Jimenez v. Quarterman</u>, 555 U.S. 113, 118 n.3 (2009) (internal quotations marks omitted) (citing <u>Slack</u>, 529 U.S. at 484). Based on the foregoing discussion of petitioner's grounds for relief, the resolution of the issues presented is not debatable by jurists of reason, and the undersigned recommends that petitioner be denied a COA.

## IV.  CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that this 28 U.S.C. § 2254 petition, [Doc. 1], and a COA be **DENIED**, and that this action be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED**, this 21st day of October, 2015.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

20