IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBERT E. LEONARD,

        Petitioner,

v.

WARDEN EDWARD PHILBIN, JR.,

        Respondent.

1:15-cv-2491-WSD-RGV

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [11] ("R&R"), recommending that Petitioner Robert E. Leonard's ("Petitioner") Petition for Writ of Habeas Corpus [1] ("Federal Habeas Petition") be denied, and that a certificate of appealability be denied. Also before the Court are Petitioner's Motion for Extension of Time to File Objections [13] ("Motion for Extension") and Motion to Appoint Counsel [14].

**I.    BACKGROUND**

On March 28, 2008, a Newton County grand jury indicted Petitioner on one count of aggravated assault, one count of possessing a firearm during commission of a felony, and one count of possessing a firearm as a convicted felon.  [10.4]

at 83-85). On April 20, 2009, the state court entered an order of nolle prosequi, dismissing the charge of possessing a firearm as a convicted felon. ([10.5] at 87; [10.8] at 40). The prosecution then prepared a "mock" indictment that omitted the dismissed charge but included the other two counts and otherwise was materially identical to the indictment issued by the grand jury. ([10.4] at 34-37, 56-51, 83-85; [10.9] at 4). This mock indictment was used at trial to prevent the jury from seeing the dismissed count and to avoid prejudicing Petitioner. (Id.).

On April 23, 2009, Petitioner was tried, by a jury in the Superior Court of Newton County, on the charges of aggravated assault and possessing a firearm during commission of a felony. ([10.5] at 97; [10.6] at 2; [10.9] at 10). Attorney Jennifer Arndt ("Arndt") represented Petitioner at trial. ([10.6] at 2).

According to the evidence presented at trial,[1] as of March 3, 2007, Petitioner shared a home and bedroom with Ivan Whitaker ("Whitaker"). The two men previously had been in a romantic relationship. In the early hours of March 4, 2007, while Whitaker was in bed, Petitioner returned home after several days out of town. Awakened by the noise of Petitioner's arrival, Whitaker saw Petitioner walk down the hallway and enter the bedroom. Petitioner briefly went to the closet

---

[1]   The following statement of facts is taken from the September 30, 2010, opinion of the Court of Appeals of Georgia. (See [10.11]).

2

and then walked out the bedroom door.  Petitioner turned over to go back to sleep but soon heard a popping sound, saw flashes of light, and began to taste something like firecrackers in his mouth.  Realizing that someone was shooting him, Whitaker grabbed a pillow, wrapped it around the assailant's gun, and tried to divert the weapon away from him.  Whitaker and Petitioner presented at trial conflicting testimony on what happened next.

    Whitaker testified that, during the struggle, he came to face to face with his assailant and saw that it was Petitioner.  When Whitaker asked Petitioner why he was shooting him, Petitioner ran out of the bedroom.  Whitaker immediately called the police and told them that Petitioner had shot him.  Whitaker was shot twice, once in the chin and once in the head.

    Petitioner testified that, while he was downstairs, he heard sounds of scuffling coming from the bedroom.  As he started to go upstairs, he heard someone say, "why are you doing this?" and then he heard gunshots.  Petitioner said that he panicked and left the house.  He later told police that he did not shoot Whitaker.  The gun used to shoot Whitaker was never found.

    A local minister also testified at trial that, after Petitioner was arrested, Whitaker contacted the minister in an attempt to raise bond for Petitioner's release.

According to the minister, Whitaker told him that someone other than Petitioner had shot him.

On April 24, 2009, the jury convicted Petitioner on the charges of aggravated assault and possessing a firearm during commission of a felony. ([10.5] at 97).  On April 28, 2009, the state court sentenced Petitioner to twenty (20) years, with the first fifteen (15) years to be served in prison, and the remainder to be served on probation.  ([10.4] at 73-74).

On March 15, 2010, Petitioner, still represented by Arndt, filed a direct appeal, arguing that the evidence was insufficient to support his convictions. ([10.8] at 84-99).  On September 30, 2010, the Georgia Court of Appeals affirmed but incorrectly stated that Petitioner was convicted of one count of possessing a firearm as a convicted felon.  ([10.11] at 1).

On August 2, 2011, Petitioner, proceeding *pro se*, filed, in the Superior Court of Chattooga County, his state Application for Writ of Habeas Corpus. [10.1] ("State Habeas Petition").  The State Habeas Petition, as amended [10.2] in December 2011, asserted the following grounds for relief:

> (1) Petitioner received, at trial and on appeal, ineffective assistance of counsel because Ardnt (a) had evidence that Petitioner was not the shooter, (b) failed to file a pretrial motion to suppress or challenge the indictment, which erroneously stated that Petitioner was a convicted felon, (c) failed to interview witnesses, (d) failed, on appeal, to make use of conflicting testimony, (e) raised only one ground on appeal,

4

  without citing any supporting case law, (f) did not submit mitigating information to the court during sentencing, (g) failed to object to the trial court's refusal to answer a jury question, (h) failed to provide, at sentencing, mitigation evidence from Petitioner's family, (i) failed to ensure that Petitioner attended the hearing on his motion for a new trial, (j) filed an appellate brief before providing Petitioner with a copy of his trial transcript, (k) failed to timely notify Petitioner of the result of his appeal, and (l) failed to subpoena Whitaker's medical records to show that he was legally blind.  ([10.1]; [10.2] at 1; [10.4] at 19-23; [10.9] at 2-3).[2]

(2) The Georgia Court of Appeals "affirmed an illegal charge" of possession of a firearm by a convicted felon, in that Petitioner was not tried on that charge and was not a convicted felon.  ([10.2] at 2).

(3) The judgment of conviction is void because "the counts in the indictment are legally false," in that "[i]t was never proven that [he] possessed a gun to commit the crime."  (Id.).

On January 3, 2013, the Superior Court of Chattooga County transferred Petitioner's state habeas case to the Superior Court of Mitchell County.  ([10.3]). On May 30, 2013, the Mitchell County court held an evidentiary hearing on Petitioner's State Habeas Petition.  ([10.4]).  In late December 2014, the state court denied the petition.  ([10.9]).  On May 26, 2015, the Georgia Supreme Court denied Petitioner's application for certificate of probable cause to appeal.  ([10.10]).

---

[2]  Grounds (1)(g)-(l) were asserted orally at the May 30, 2013, evidentiary hearing on the State Habeas Petition, but were not asserted in the petition itself.  ([10.2]; [10.4] at 18-23).  The state court appears to have addressed these claims on the merits.  (See [10.9]; infra note 5).

On June 30, 2015, Petitioner, proceeding *pro se*, filed his Federal Habeas Petition, asserting the following grounds for relief:

(1) Petitioner received ineffective assistance of counsel because Arndt failed to (a) file pretrial motions when there were "many grounds" to do so, (b) subpoena Whitaker's medical records, even though Whitaker was legally blind, was the only prosecution witness, and offered testimony unsupported by the evidence, (c) request a mental evaluation of Petitioner, even though he was on mental health medication and had been placed on suicide watch, (d) request blood splatter test results, (e) challenge the indictment, even though it contained an "illegal count," (f) request blood test results on eight (8) items, taken from Petitioner, that would have shown he was not the shooter.  ([1] at 5-6).

(2) The Georgia Court of Appeals "affirmed an illegal count" of possession of a firearm by a convicted felon, in that Petitioner was not tried on that charge and it was removed from the indictment.  ([1] at 5).

(3) The judgment of conviction is void because "[t]he indictment was obtained in violation of the 5th amendment; the Due Process Clause, and the grand Jury Clause," and the "14th Amendment was violated." (Id.).

(4) The prosecution failed to disclose evidence favorable to Petitioner, namely, blood splatter test results on eight (8) items of Petitioner's clothing.  ([1] at 6).

On August 19, 2015, Respondent Warden Edward Philbin, Jr. ("Respondent") filed his Answer-Response [9].  In it, he argues that the state habeas court's rejection of grounds (1)(a), (1)(b), and (1)(e) is entitled to deference, that ground (2) fails to allege a constitutional violation and is based on a typographical error that did not affect Petitioner's convictions or sentence, and that

the remaining grounds are procedurally defaulted because Petitioner failed to raise them in his State Habeas Petition.

On October 21, 2015, the Magistrate Judge issued his R&R, recommending that Petitioner's Federal Habeas Petition be denied for the reasons stated in Respondent's Answer-Response.  On November 2, 2015, Petitioner filed his Motion for Extension, seeking an additional sixty (60) days to file objections to the R&R.  Petitioner argues that this extension is warranted because he is allotted "less than one hour a week to use [the] law library" and because his "law research material is very limited."  ([13]).  Seven (7) months have passed since his Motion for Extension was filed, and Petitioner has not filed objections.  On December 24, 2015, Petitioner filed his Motion to Appoint Counsel.

## II.     DISCUSSION

### A.     Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which

objection is made." 28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).  Petitioner did not object to the R&R, and the Court thus reviews it for plain error.

    B.    Analysis

        1.    Grounds (1)(c), (1)(d), (1)(f), (3), and (4):  Procedural Default

"Under Georgia law, a prisoner seeking a writ of habeas corpus vacating his conviction must present all of his grounds for relief in his original petition." Mincey v. Head, 206 F.3d 1106, 1136 (11th Cir. 2000); see O.C.G.A. § 9-14-51 ("All grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition.  Any grounds not so raised are waived unless . . . [those grounds] could not reasonably have been raised in the original or amended petition.").  This procedural rule is designed to bar successive habeas petitions on a single conviction.  See Hunter v. Brown, 223 S.E.2d 145, 146 (Ga. 1976).

The Eleventh Circuit has "repeatedly recognized that not complying with this [Georgia procedural] rule precludes federal habeas review." Mincey, 206 F.3d at 1136; see Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998)

(concluding "that a state habeas court would hold [petitioner's] claims to be procedurally defaulted and not decide them on the merits, because they were not presented in his initial state habeas petition" and "that those claims [therefore] are procedurally barred from review in this federal habeas proceeding and exhausted."). A petitioner may overcome this procedural default by showing "cause" for the default and resulting "prejudice," or "a fundamental miscarriage of justice." Mincey, 206 F.3d at 1135.

The Magistrate Judge found that Petitioner did not present, in his State Habeas Petition, ground (1)(c), which alleges that Arndt failed to request a mental evaluation of petitioner; ground (1)(d), which alleges that Arndt failed to request blood splatter test results; ground (1)(f), which alleges that Arndt failed to request blood test results on eight (8) items of Petitioner's clothing; ground (3), which alleges that Petitioner's indictment violates the Fifth and Fourteenth Amendments; and ground (4), which alleges that the prosecution failed to disclose evidence favorable to Petitioner. (R&R at 10-11). The Magistrate Judge further found that Petitioner does not explain why he failed to raise these grounds in his State Habeas Petition, or allege a fundamental miscarriage of justice that excuses his procedural default. (R&R at 11-12). The Court finds no plain error in these findings.

Petitioner is not entitled to federal habeas relief on grounds (1)(c), (1)(d), (1)(f), (3), and (4), because those claims are procedurally defaulted.[3]

### 2. Ground (2): Georgia Court of Appeals' Typographical Error

On September 30, 2010, the Georgia Court of Appeals affirmed Petitioner's conviction on a direct appeal, but incorrectly stated that Petitioner was convicted of one count of possessing a firearm as a convicted felon. ([10.11]). Petitioner claims that, in making this typographical error, the Georgia Court of Appeals "affirmed an illegal count" against him. ([1] at 5). The Magistrate Judge found that this allegation does not warrant federal habeas relief because it does not assert a "violation of the Constitution or laws or treaties of the United States." (R&R at 12 (quoting 28 U.S.C. § 2254(a))). The Magistrate Judge also found that this typographical error did not prejudice Petitioner because "the record is clear that Petitioner was tried, convicted and sentenced only on two counts: aggravated

---

[3] Petitioner argued during the state habeas evidentiary hearing that he was tried, in violation of the Fifth Amendment, on a "dummy" indictment not issued by a grand jury. ([10.4] at 18-19, 24-26). However, he did not raise this ground for relief, as he must, "in his original or amended petition." O.C.G.A. § 9-14-51. Even if he had, Petitioner's argument lacks merit because Petitioner was tried on an indictment issued by a grand jury. The grand jury indicted Petitioner on three (3) counts. Petitioner was convicted on two (2) of those counts and the prosecution agreed, before trial, not to go forward on the third count. There is no Fifth Amendment violation when, to avoid prejudicing Petitioner, the jury receives a version of the indictment that, although originally issued by a grand jury, has since been edited to exclude a nolle prossed count.

assault, and possession of a firearm during the commission of a felony." (R&R at 12). The Court finds no plain error in these findings. Petitioner is not entitled to federal habeas relief on ground (2).

### 3. Grounds (1)(a), (1)(b), and (1)(e): Assistance of Counsel

In grounds (1)(a), (1)(b), and (1)(e), Petitioner claims he received ineffective assistance of counsel because Arndt failed to file pretrial motions when there were "many grounds" to do so,[4] failed to subpoena Whitaker's medical records to show that he was legally blind, and failed to challenge the indictment even though it contained an "illegal count." ([1] at 5-6). The Magistrate Judge found that the state court adjudicated these claims on the merits and that it denied habeas relief. (R&R at 13-19; see [10.9]).[5]

---

[4] Petitioner does not, in his Federal Habeas Petition, identify any of the alleged "many grounds" for filing pretrial motions. Petitioner's State Habeas Petition complained that Arndt failed to file a pretrial motion to suppress or challenge the indictment on the basis that Petitioner was not a convicted felon. ([10.2] at 1). The Court assumes that ground (1)(a) refers to this claim.

[5] The Court finds no plain error in these findings. The state court did not list ground (1)(e) in its enumeration of Petitioner's grounds for relief. (See [10.9] at 2-3). However, that ground, which alleges that Arndt failed to subpoena Whitaker's medical records, was addressed indirectly when the court noted that Arndt "chose not to introduce the medical records of [Whitaker's] visual impairment because she did not want to suggest to the jury that the victim could not identify the shooter at all." (Id. at 4). The state court also noted that Arndt "attempted to discredit [Whitaker's] identification testimony with testimony about his visual impairment, to the extent that she believed was appropriate given the

11

A federal court may not grant habeas relief for claims previously adjudicated on the merits by a state court unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  "[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Williams v. Taylor, 529 U.S. 362, 410 (2000) (internal quotation marks omitted)).  "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Id. at 103.  The state court's determinations of factual issues are presumed correct, absent "clear and convincing evidence" to the contrary.  28 U.S.C. § 2254(e)(1).

To prevail on an ineffective assistance of counsel claim, a petitioner must show that counsel's conduct was "outside the wide range of professionally

---

testimony that she intended to present through Mr. Douglas for the defense."  (Id. at 8; see also id. at 4).  If ground (1)(e) was not adequately presented to, and adjudicated by, the state court, it is procedurally barred.

competent assistance" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 690, 694 (1984). Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

When this deferential Strickland standard is "combined with the extra layer of deference that § 2254 provides [in federal habeas cases], the result is double deference and the question becomes whether 'there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.'" Johnson v. Sec'y, DOC, 643 F.3d 907, 910-11 (11th Cir. 2011) (quoting Harrington, 562 U.S. at 105). "Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding." Id. at 911.

The Magistrate Judge agreed with the state court that, because the prosecutor agreed not to proceed on the possession of a firearm by a convicted felon count, Arndt's decision not to file pretrial motions or otherwise challenge the indictment was reasonable and did not prejudice petitioner. (R&R at 18). The Magistrate Judge also agreed with the state court that Arndt's choice not to introduce evidence of Whitaker's medical records was reasonable and did not prejudice petitioner.

13

(Id.)  Arndt elicited testimony from Whitaker concerning his poor eyesight, and she did not want the jury to conclude that Whitaker was incapable of identifying the shooter, because Arndt intended to introduce evidence that Whitaker had previously stated someone else was the shooter.  See Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007) ("Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" (quoting Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983).  Given the "double deference" owed to the state court's denial of Petitioner's habeas Strickland claim, the Court finds no plain error in the Magistrate Judge's findings.  Petitioner is not entitled to federal habeas relief on grounds (1)(a), (1)(b), and (1)(e).

    4.    Certificate of Appealability

A federal habeas "applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  Fed. R. App. P. 22(b)(1).  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing Section 2254 Cases in the United States District Courts, Rule 11(a).  A court may issue a certificate of appealability ("COA") "only if the

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

> When the district court denies a habeas petition on procedural grounds . . . , a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Court concludes that a COA should be denied because it is not debatable that Petitioner fails to assert claims warranting federal habeas relief.[6]

---

[6] Although the Court reviews the R&R for plain error, even on a de novo review of the record, Petitioner's Federal Habeas Petition does not warrant relief on any of the grounds asserted.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [11] is **ADOPTED** and Petitioner's Petition for Writ of Habeas Corpus [1] is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Extension of Time to File Objections [13] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Appoint Counsel [14] is **DENIED AS MOOT**.

**SO ORDERED** this 13th day of June, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE